**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: February 28 2011

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Alexander Otero and Tina L. Otero, | ) ) ) | Case No. 10-36858 |
| | ) | Chapter 7 |
| Debtors. | ) ) ) ) | Judge Mary Ann Whipple |

**ORDER DENYING MOTION FOR RELIEF FROM STAY**

The court held a preliminary hearing on February 18, 2011, on the Motion for Relief from Stay [Doc. # 26] (the "Motion") filed by Wolverine Restoration, LLC ("Movant") and Debtor Alexander Otero's ("Debtor") timely objection to the Motion [Doc. # 31]. At the conclusion of the hearing, the court tentatively set the Motion for final evidentiary hearing to occur on March 3, 2011. *See* 11 U.S.C. § 362(e). Upon further examination of the record, the court finds that the Motion must be denied as moot without the necessity of a further or final hearing.

Debtor Alexander Otero is a former employee of Movant. Movant terminated his employment pre-petition and seeks relief from the automatic stay in order to file a lawsuit in state court seeking injunctive relief under a non-compete clause contained in a document signed by Debtor. Movant contends that the clause is not a claim subject to discharge in debtor's Chapter 7

case and that it should therefore be granted relief from stay to sue Debtor in state court. Movant disavows any interest in seeking a money judgment and in any event did not timely commence a nondischargeability action in this court under 11 U.S.C. § 523(a)(2), (4) or (6). *See* 11 U.S.C. § 523(c)(1); Fed. R. Bankr. P. 4007(c). Among other arguments, Debtor contests the validity of the clause and the dischargeability issue.

The automatic stay takes effect on the filing of a bankruptcy petition. 11 U.S.C. § 362(a). A vital part of the bankruptcy fresh start, and necessary to impart breathing room to debtors and other constituents in the bankruptcy process, among the actions prohibited by the automatic stay is "the commencement or continuation...of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of a case under this title..." 11 U.S.C. § 362(a)(1). While it may be terminated earlier on request of a party in interest, *see* 11 U.S.C. § 362(d), the statute establishes the limited duration of the automatic stay. 11 U.S.C. § 362(c). The stay of actions against the debtor continues until the earliest of "(A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 of this title concerning an individual...the time a discharge is granted or denied." 11 U.S.C. § 362(c)(2). *Cf.* 11 U.S.C. § 362(c)(1)(stay of acts against property continues until property is no longer property of the bankruptcy estate). Subpart (c)(2) sounds more dramatic than it is in practical legal effect. In most instances the temporary automatic stay is seamlessly succeeded by the permanent injunction of the discharge, 11 U.S.C. § 524(a).

This is an open, active case under Chapter 7 involving an individual debtor, making subpart (c)(2)(C) relevant. Movant seeks relief against the Debtor, not against any property of the Debtor. It filed the Motion on January 19, 2011, before Debtor's Chapter 7 discharge was entered. Since then, and prior to the hearing, the court entered Debtor's Chapter 7 discharge on February 4, 2011. [Doc. # 32]. As a result, the automatic stay terminated by operation of law on February 4, 2011. There is no longer an automatic stay in effect from which the court can grant relief to Movant. *American National Bank & Trust Co. v. DeJournette*, 222 B.R. 86, 90 (W.D. Va. 1998); *cf. United States v. Carolina Parachute Corp.*, 907 F.2d 1469, 1474 (4th Cir. 1990)(statutory termination of stay in Chapter 11 case). There now being no live case or controversy, *DeJournette*, 222 B.R. at 90, the court is prohibited from rendering an advisory opinion on the dischargeability issue, which is only one factor relevant to Movant's request for early termination of the automatic stay for cause to allow litigation to proceed in another forum, *see In re Curtis*, 40 B.R. 795, 803-04 (Bankr. D.

Utah 1984); *In re Lamberjack*, 149 B.R. 467, 470-71 (Bankr. N.D. Ohio 1992).[1] The Motion will be denied as moot. *Green v. Welsh,* 956 F.2d 30, 32 (2d Cir. 1991); *Trainor v. Kowalske,* Case No. 08-14774*,* 2009 U.S. Dist. LEXIS 50465 (E.D. Mich. 2009)*; see Tigue v. Sosne (In re Tigue),* 363 B.R. 67 (B.A.P. 8th Cir. 2007)

**IT IS, THEREFORE, ORDERED** that the Motion for Relief from Stay [Doc. # 26] filed by Wolverine Restoration, LLC is **DENIED**, as moot, without prejudice.

---

[1] While actions to address contempt of the discharge injunction are commenced by motion, *Barrientos v. Wells Fargo Bank NA*, Case No. 09-55810, 2011 U.S. App. LEXIS 2493, 2011 WL 451955 (9th Cir., Feb. 10, 2011), proceedings in this court to determine dischargeability or to obtain a declaratory judgment are adversary proceedings, Fed. R. Bankr. P. 7001(6),(9). An adversary proceeding must be commenced by separate complaint, Fed. R. Bankr. P. 7003, which must be served on a defendant with a summons issued by the Clerk, Fed. R. Banrk. P. 7004.