**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: July 27 2011

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-36858 |
| | ) | |
| Alexander Otero and | ) | Chapter 7 |
| Tina L. Otero, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER DENYING MOTION TO REOPEN

This matter came before the court for hearing on Debtors' motion to reopen their Chapter 7 case ("Motion") [Doc. # 40], the opposition [Doc. # 41] filed by Wolverine Restoration, LLC ("Wolverine"), and Debtors' reply [Doc. # 42]. Both counsel for Debtors and for Wolverine appeared in person. For the reasons that follow, Debtors' Motion will be denied.

### BACKGROUND

Debtors' Chapter 7 discharge was entered on February 6, 2011, and their case was closed on March 14, 2011. Thereafter, Wolverine filed a complaint in the Lucas County, Ohio, Court of Common Pleas against Debtor Alexander Otero ("Otero") and two entities, Trepis, Inc. ("Trepis") and American Builders Restoration, LLC ("American Builders"). The complaint is captioned "Plaintiff's Verified Complaint for Injunctive Relief and Damages" and alleges five separate counts. Count I is the only count alleged against Otero. It alleges that pursuant to his employment with Trepis and American Builders, Otero is violating a non-compete agreement and a confidentiality agreement that he signed when he worked for Wolverine.

[Doc. # 42 and attached Complaint, ¶¶ 46-58]. Count I seeks only an order enjoining further violations of the non-compete and confidentiality agreements. [*Id.* at ¶ 58]. Counts II through V allege tort claims against Trepis and American Builders and both compensatory and punitive damages. [*Id.* at ¶¶ 59-80]. The specific paragraphs in the prayer for relief that address relief against Otero seek only injunctive relief, [*see id.* at p. 15, ¶¶ A & B], while the paragraphs specifically relating to Trepis and American Builders seek both injunctive relief and damages, [*see id.* at p. 15, ¶¶ C, D, & E]. The final paragraph of the prayer for relief seeks "[a]ny further relief which the Court deems appropriate." [*Id.* at ¶ G]. At the hearing, counsel for Wolverine represented that Wolverine is pursuing only injunctive relief against Otero.

## LAW AND ANALYSIS

Debtors want to reopen their Chapter 7 case in order to file a motion to hold Wolverine in contempt for violating the discharge injunction. Section 350 of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). A decision to reopen a case is committed to the sound discretion of the court. *In re Kapsin*, 265 B.R. 778, 780 (Bankr. N.D. Ohio 2001). The reopening of a case, by itself, affords no independent relief, but merely gives a bankruptcy court the opportunity to act on a substantive request for relief. *In re Kirksey*, 433 B.R. 46, 48 (Bankr. D. Colo. 2010). Where the court cannot afford the moving party the requested relief, the court does not abuse its discretion in refusing to reopen the case. *Id.* at 48-49 (citing *In re Schicke*, 290 B.R. 792, 798 (B.A.P. 10th Cir. 2003)).

One basis asserted for the contempt motion that Otero seeks to file is the fact that Wolverine filed the state court action without first obtaining a determination that the non-compete agreement at issue is valid post-bankruptcy. Otero cites two cases for the proposition that the right to all relief, including equitable relief for breach of a covenant not to compete, is discharged in bankruptcy. *In re Kilpatrick*, 160 B.R. 560, 564 (Bankr. E.D. Mich. 1993); *In re Ward*, 194 B.R. 703, 712 (Bankr. D. Mass. 1996).

A discharge under Chapter 7 discharges the debtor "from all debts" that arose prepetition and "any liability on a claim that is determined under [§11 U.S.C. § 502] as if such claim had arisen before commencement of the case. . . ." 11 U.S.C. § 727(b). In *Kennedy v. Medicap Pharmacies, Inc.*, 267 F.3d 493 (6th Cir. 2001), the Sixth Circuit addressed whether an injunction for breach of a covenant not to compete is a "claim" and, therefore, dischargeable in bankruptcy. The court held that "[t]he right to equitable relief constitutes a claim only if it is an alternative to a right to payment or if compliance with the equitable order will itself require the payment of money." *Id.* at 497. The court reasoned that the requested

injunction was not an alternative to the right of payment since, under the applicable state law, which was Iowa law, an injunction is designed to avoid irreparable injury and may issue only when the party seeking it has no adequate remedy at law," that is, "when damages are inadequate for future injuries." *Id.* at 498. The court thus distinguished *In re Kilpatrick*, which found that the moving party's rights under a covenant not to compete were a claim because a breach of a covenant not to compete can be reduced to monetary damages under Michigan law. Also, refusing to ignore Iowa law, the court declined to follow *In re Ward*, which found such rights were a claim because the adequate remedy rule was essentially dead and it was a matter of choice for the plaintiff to elect either damages or injunctive relief. *Id.* at 497-98. The court also found that compliance with the requested injunction would not require the expenditure of money. It would simply require the debtor to cease the activity violating the non-compete agreement. *Id.* at 497.

This case falls squarely within the reasoning of *Medicap Pharmacies, Inc.* Under Ohio law, "[a]n injunction is an extraordinary remedy and should be granted only if there is no adequate remedy at law." *Langley v. Fetterolf*, 89 Ohio App.3d 14, 17 (1993). Thus, as was the case in *Medicap Pharmacies, Inc.*, Wolverine will be entitled to the injunctive relief it seeks in the state court action only if money damages for future injuries are inadequate. As such, equitable relief is not an alternative to a right to payment for future injuries. Nor would compliance with an order enjoining Otero from violating the non-compete and confidentiality agreements require him to expend money. *See MCS Acquisition Corp. v. Gilpin (In re Gilpin)*, 391 B.R. 210 (Table), 2008 WL 2787520, *5, 2008 Bankr. LEXIS 1977, *15 (B.A.P. 6th Cir. 2008) ("The fact that the Debtor will need to pay for legal services to defend his actions in the State Court does not equate to the expenditure of money in connection with the injunction."). Rather, it would simply require him to cease activities that violate those agreements. Thus, any right of Wolverine to injunctive relief to enforce the agreements is not a claim that was discharged in this bankruptcy case. The Bankruptcy Code was not intended to relieve a debtor of affirmative duties under a non-compete agreement where no expenditure of money is required to comply with those duties.

Moreover, the discharge injunction voids any judgment to the extent the judgment is a determination of the personal liability of the debtor with respect to any debt discharged and operates as an injunction against the commencement or continuation of actions to collect, recover, or offset any discharged debt as a personal liability. 11 U.S.C. § 524(a). Wolverine's failure to file in this court a declaratory action to first determine the validity of the non-compete agreement post-bankruptcy is not, as asserted by Debtors, a violation of the discharge injunction. The validity of the agreement is simply an element of its claim for

3

injunctive relief. Likewise, Wolverine's failure to allege in its complaint or otherwise inform the state court that Otero has received a discharge in a Chapter 7 bankruptcy case does not violate the discharge injunction. A violation occurs only if Wolverine seeks a determination through its complaint or otherwise that Otero is personally liable for damages for violating the non-compete and confidentiality agreements.

Nevertheless, Debtors also argue that the complaint filed in state court can be construed as seeking monetary damages from Otero since it is captioned a complaint "for injunctive relief and damages" and includes in the prayer for relief a general request for "any further relief which the Court deems appropriate." However, this court does not construe the complaint in that manner. Rather, the court construes the complaint as specifically seeking only injunctive relief from Otero but both injunctive relief and monetary damages from Trepis and American Builders, hence the referral to both in the caption of the complaint. Wolverine's attorney confirmed at the hearing on the Motion that it is not pursuing monetary damages against Otero.[1]

The court cannot afford Debtors the relief they seek as they have asserted no valid basis for an order holding Wolverine in contempt of the discharge injunction. As such, the court will deny Debtors' motion to reopen this case in order to file a contempt motion.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Debtors' Motion to Reopen Case [Doc. # 40] be, and hereby is, **DENIED, without prejudice.**

---

[1] Any debt for monetary damages was clearly discharged in Debtors' bankruptcy case as Wolverine did not commence an action to determine dischargeability under § 523(a)(2), (4) or (6), *see* 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007(c), and such debt does not fall under any of the self-executing provisions automatically excepting a debt from discharge, *see* 11 U.S.C. § 523(a)(1), (3), (5), (7) through (19). Thus, to the extent that Wolverine does pursue damages from him in state court, Otero can then seek to reopen this bankruptcy case to seek a contempt order and appropriate sanctions.